ERIK M. WARD (3380)
RICHARD T. WILLIAMS (9115)
**GRIDLEY WARD & VANDYKE**
Attorneys for Plaintiff
635 25th Street
Ogden, Utah 84401
Telephone: (801) 621-3317

---

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

---

| | | |
|---|---|---|
| KATIE and PAUL CHRISTENSEN,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY,<br><br>Defendant. | : | **AMENDED COMPLAINT AND JURY DEMAND**<br><br>Case No.1:09-cv-94<br><br>Judge: Ted Stewart |

---

Plaintiffs allege as follows:

1. Defendant American Family Mutual Insurance Company ("American Family") is a foreign corporation which does business throughout Utah.

2. On or about February 9, 2008, an automobile accident occurred on Main Street in Tremonton, Box Elder County, Utah, causing permanent and severe injury to Plaintiff Katie Christensen. At said time and place, Carrie Barber, negligently drove her vehicle so as to collide with Plaintiffs' vehicle as Plaintiff Katie Christensen was stopped for a red light at the intersection of Main Street and 300 West. Carrie Barber was uninsured.

3. Prior to February 9, 2008, American Family had issued an automobile insurance policy number 17083339-01 (The "Policy") wherein Plaintiff Katie Christensen was an insured with uninsured motorist coverage of $100,000.00 (One Hundred Thousand Dollars).

4. Upon learning of the collision, American Family initially denied *any* coverage for Plaintiffs, alleging that premiums had recently increased and ignoring the fact that American Family, although authorized, had failed to properly withdraw the recently increased premium from the plaintiffs' banking account.

5. Upon determining there was coverage, American Family represented that the plaintiffs had signed a wavier with American Family, wherein American Family had explained the purpose behind uninsured coverage and Plaintiffs had rejected this coverage equal to their bodily injury coverage for others.

6. Upon determining there was no such waiver, American Family suddenly terminated no-fault benefits without sufficient explanation, reasoning or medical support.

7. American Family's ultimate payment of no-fault benefits were frequently untimely under Utah's no-fault statute, despite requests and warnings from Plaintiffs that this was unacceptable.

8. Upon confirmation that she will suffer from a permanent physical disability/condition as a result of the collision, Plaintiff Katie Christensen made a UM claim against Defendant and submitted a policy limit demand which included medical records and other information to verify her injuries and damages and with an

explanation that, among other things, she suffered past economic damages exceeding $35,000.00 and future economic damages exceeding $400,000.00. Plaintiffs further disclosed extensive non-economic damages and an unavoidable loss of earning capacity. American Family failed and continues to fail to tender its policy limit of $100,000.00 after having more than a year to investigate and evaluate the claim.

9. Due to Plaintiffs' inability to fully function and receive expected income and the failure of American Family to pay benefits that were owing under the Policy, Plaintiffs have suffered consequential damages.

**FIRST CAUSE OF ACTION**
(Breach of Contract)

10. Plaintiffs reallege paragraphs 1 through 9 above.

11. The American Family Policy was in full force and effect at the time of the accident.

12. American Family received timely notice of the accident. Plaintiffs were "insured" under the Policy and entitled to bring this action pursuant to UCA §31A-22-305.

13. Under the terms of the Policy, American Family became obligated to pay Plaintiffs' insurance benefits. Notwithstanding its obligation to do so, American Family failed to pay Plaintiffs any of the uninsured benefits due, despite demand therefore. Failure of such payment, negotiation or response, constitutes a material breach of the Policy.

14. As a direct and proximate result of said breach of contract, Plaintiffs suffered damages. American Family is liable for all general and consequential damages which naturally flow from its breach of the insurance contract.

**SECOND CAUSE OF ACTION**
(Loss of Consortium )

15. Plaintiffs reallege paragraphs 1 through 14.

16. Plaintiff Katie Christensen, prior to and at the time of the injuries sustained in said accident, was an able-bodied women, capable of performing her duties as a wife, mother and companion to her husband.

17. As a direct and proximate consequence of Plaintiff Katie Christensen's physical pain and suffering, mental anguish and physical injuries and damages, caused by the tortious conduct of the uninsured motorist as set forth herein, Plaintiff Paul Christensen has been deprived of the services, society and consortium of his wife.

**THIRD CAUSE OF ACTION**
(Breach of the Covenant of Good Faith and Fair Dealing)

18. Plaintiffs reallege paragraphs 1 - 17.

19. At all times material hereto, American Family agreed to act in good faith and deal fairly with all insureds and beneficiaries under the Policy when it entered into the contract of insurance and accepted premiums.

20. In the absence of a reasonable basis for doing so, and with reckless disregard for the consequences to Plaintiffs, American Family has repeatedly failed to timely pay Plaintiffs benefits owed, and still owing, under the contract. American Family refused and failed to act in good faith and deal fairly with Plaintiffs to further its own

economic interest, in violation of its obligation to Plaintiffs. This includes, but is not limited to, the facts alleged above herein which demonstrate a failure to reasonably investigate, evaluate and timely pay Plaintiffs claims, engagement in multiple violations of Utah's Administration Code 590-190, and other wrongful and illegal conduct.

21. American Family pursued said course of conduct in conscious disregard of the health and financial welfare of Plaintiffs.

22. As a result of the wrongful conduct of American Family, Plaintiffs have suffered general and consequential damages.

23. Plaintiffs will also incur attorney's fees, court costs and expenses of litigation. American Family is liable to Plaintiffs for all damages resulting from the breach of it good faith duties.

**FOURTH CAUSE OF ACTION**
(Intentional Infliction of Emotional Distress)

24. Plaintiffs reallege paragraphs 1 through 23.

25. Since February 9, 2008, American Family has pursued an outrageous course of conduct which intentionally and/or recklessly caused Plaintiffs severe emotional and physical distress, shock and physical problems.

26. American Family is therefore liable for Plaintiffs' economic, non-economic and exemplary damages.

**WHEREFORE**, Plaintiffs pray for judgment against Defendant American Family as follows:

1. For the $100,000.00 uninsured benefits owed to Plaintiffs;

2. For economic, non-economic and consequential damages as proven at the time of trial, including interest allowed by Utah law;

3. For attorney's fees, court costs and expenses of litigation as determined at the time of trial;

4. For exemplary and punitive damages as established at the time of trial; and,

5. For such other and further relief as the Court may deem just and proper under the circumstances.

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury in this action.

DATED this 31 day of July, 2009.

ERIK M. WARD
RICHARD T. WILLIAMS
Attorneys for Plaintiffs

**CERTIFICATE OF MAILING**

I hereby certify that on this 31 day of July, 2009, a copy of the foregoing was served in the manner indicated below upon the following:

Grace Acosta
DUNN & DUNN
505 East 200 South, 2nd Floor
Salt Lake City, UT 84102

___ U.S. Mail
___ Hand Delivered
___ Overnight
___ Facsimile
___ No Service
_X_ Electronic

[signature]