S. GRACE ACOSTA, #9836
MICHAEL J. COLLINS #11814
DUNN & DUNN, P.C.
505 East 200 South, 2nd Floor
Salt Lake City, Utah 84102
Telephone: (801) 521-6677
Facsimile: (801) 521-9998

Attorneys for removing party defendant American Family Mutual Insurance Company

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| KATIE and PAUL CHRISTENSEN,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY,<br><br>Defendant. | **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(b)(6); REQUEST FOR BIFURCATION AND STAY OF BIFURCATED PROCEEDINGS**<br><br>Case No.: 1:09-cv-94<br><br>Judge: Ted Stewart |

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant American Family Mutual Insurance Company ("American Family") hereby replies to Plaintiffs' Opposition to Defendant's Motion to Dismiss. Plaintiffs' claim of breach of contract fails as a matter of law and should be dismissed as premature. The Christiansen's have failed to either litigate or arbitrate their dispute pursuant to Utah Code § 31A-22-305 prior to

suing for breach of contract. American Family could not have breached the contract, as a matter of law, because its duty to perform under the contract has not been triggered.

If this court elects to view the present litigation as an attempt by the plaintiffs to litigate the dispute in value of the UM claim pursuant to Utah Code § 31A-22-305, then the claim for breach of the implied covenant of good faith and fair dealing (e.g., the "bad faith" claim) and other related causes of actions should be bifurcated from the UM dispute and stayed pending resolution of the UM dispute.

**Legal Argument**

As was set forth in detail in American Family's moving papers, Utah Code § 31A-22-305 provides that a dispute as to the value of a UM claim must be resolved either through arbitration or litigation. See id. at 8(a)(i) and (ii). Plaintiffs made a one-time demand for payment of the UM policy limits.[1] When American Family did not tender these limits, Plaintiff sued for breach of contract. The plaintiffs have "skipped a step" by their actions. The statute provides the procedure that parties are to follow when the value of a UM claim is in dispute. The plaintiff is suppose to either ask for arbitration or file suit pursuant to Utah Code § 31A-22-305. Plaintiffs failed to follow this procedure and thereby deprived American Family its right to require that the

[1] It is American Family's position that it was continuing to negotiate the value of the UM claim with Plaintiffs when they filed suit. Through counsel, Plaintiffs advised that they would submit additional medical support for the claim but rather than submit the documentation that American Family was expecting, they chose to file suit and sue—not to resolve the dispute as to value pursuant to Utah Code § 31A-22-305--but for *breach of contract* for not paying. In the truest sense, Plaintiffs did not provide American Family with a chance to make an offer of settlement and rushed to sue for breach of contract and bad faith and left American Family waiting for the supporting documents that Plaintiffs had promised.

insured prove that he or she is "legally entitled" to recover the UM benefits being sought.[2] The claim for "breach of contract" is premature because any duty by American Family to act has not been triggered.

Plaintiffs fail to understand that the relationship between American Family and its insured in this context is quasi-adversarial and American Family is within its rights to ask the insured to prove their entitlements to benefits. On these grounds, the breach of contract claim fails as a matter of law as being premature.

Plaintiffs argue that the current litigation is their attempt to litigate the value of the UM claim pursuant to Utah Code § 31A-22-305. The fact that Plaintiffs are suing for breach of contract---not payment of benefits---belies this fact. American Family's counsel advised Plaintiffs of this defect prior to filing its motion to dismiss. Plaintiffs admit this fact in their responsive pleading. Plaintiffs counsel advised American Family by letter that she intended the current litigation to resolve the dispute regarding the value of the UM claim, but did not amend the pleadings to reflect this fact prior to the deadline for American Family to respond.[3] The

---

[2] At page 7 of their brief, Plaintiffs insinuate that the "legally entitled" standard is no longer the law in Utah. This is simply incorrect. Utah Code § 31A-22-305(3)(a) specifically provides that "[u]ninsured motorist coverage provides . . . coverage for covered persons who are *legally entitled* to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, disease, or death." (Emphasis added). Thus, the term "legally entitled" continues to appear (and has always appeared) in the Utah UM statute. Similarly, American Family's UM endorsement to the insurance contract provides as follows: "We will pay compensatory damages for bodily injury which an insured person is *legally entitled* to recover from the owner or operator of an uninsured motor vehicle." (Emphasis added). Thus, in no uncertain terms, the standard used to determine whether an insured receives UM benefits is whether that insured is "legally entitled" to recover the benefits from the driver of the uninsured motor vehicle. American Family literally "steps in the shoes" of the uninsured driver and can assert any defense available to the uninsured driver to determine if the insured is "legally entitled" to benefits. See Lima v. Chambers, 657 P.2d 279, 282 (Utah 1982). This will be the standard utilized by this court in determining to what benefits, if any, plaintiffs are entitled.

[3] Plaintiffs claim that American Family "feigned" ignorance and filed the present motion to dismiss with malicious intent is unfounded and violates Utah's Rules of Professionalism and Civility. Rule 3 provides as follows:

Plaintiffs assertions that they wanted to resolve the value of the UM claim within this litigation does not remedy the failings in the Plaintiffs' pleading. By suing American Family for breach of contract—rather than asking the court to determine the value of the UM claim--the Plaintiffs made a fatal flaw. The Plaintiffs have "put the cart before the horse" and alleged that American Family breached its contractual obligation to pay UM benefits, when the contractual obligation to pay UM benefits has yet to be triggered.

Plaintiffs have amended their pleadings and now include an overt request for UM benefits[4] but still conflate this request with a claim for breach of contract. The breach of contract claim continues to fail as a matter of law because the duty for American Family to pay UM benefits has not been triggered. The remaining request, while sparsely pled, does seem to ask the court to determine what UM benefits Plaintiffs are legally entitled to recover. However,

---

"Lawyers shall not, without an adequate factual basis, attribute to other counsel or the court improper motives, purpose, or conduct." As is set forth herein, American Family is required to view and respond to the pleadings on file with the court. Plaintiffs' pleadings sued for breach of contract not for a determination of the value of UM benefits. This fact was not changed by counsel's letter and American Family properly responded to the pleadings on file in this case. Also noteworthy is that American Family's letter to opposing counsel advising Plaintiffs of the pleading problem was written out of professional courtesy and as an attempt to remedy the problem without the need for the filing of motions. Ironically, opposing counsel viewed this act of goodwill as evidence of improper intent.

[4] Plaintiffs assert at page 6 of their brief that "[t]he Amended Complaint in no way should affect Defendant's Motion to Dismiss as Plaintiffs' minor amendments are not made in response to any issue raised in Defendant's Motion; rather, it is in a response to Defendant's removal to federal court." The noted changes disprove this completely and American Family is at a loss as to why Plaintiffs' continue to deny the fact that they amended the complaint specifically to address the issues raised in American Family's motion to dismiss. Such a response is completely proper and would render (at least a portion of) this motion moot. Unfortunately, Plaintiffs continue to assert (in spite of their actions in adding language in the newly amended complaint that specifically references Utah Code § 31A-22-305 where no such reference existed before) that they have not amended the complaint to correct the problems asserted in the motion to dismiss. The following amendments were made to the complaint that illustrate that the complaint now specifically requests the court determine the value of the UM benefits to which Plaintiffs are legally entitled to recover. At paragraph 12, the Plaintiffs' added for the first time in the amended complaint that they are "entitled to bring this action pursuant to UCA §31A-22-305." In the first paragraph in the Prayer for Relief, Plaintiffs for the first time ask s"[f]or the $100,000 uninsured benefits owed to Plaintiffs."

the court should still dismiss the breach of contract claim as premature and allow the matter to proceed only on the UM dispute as alleged in the newly amended complaint.

Next, Plaintiffs mischaracterize American Family's motion to dismiss and argue that they need not prove a breach of contract to assert a claim for bad faith. (Plaintiffs' brief at page 6 to 8). American Family does not make this assertion. Here, it appears that the Plaintiffs create a "strawman argument" then proceed to rebut it. The fact that a breach of contract is not required prior to suing for "bad faith" is simply not relevant here. American Family never claimed that the plaintiffs must prove breach of contract prior to filing a "bad faith" claim.

The complaint as originally filed alleged that the failure to pay Plaintiffs UM benefits was a breach of contract and that this was also bad faith. The Plaintiffs conflated the two concepts and made the breach of contract the only and exclusive evidence for the bad faith claim. Logically, if the allegation of breach of contract failed as a matter of law because the duty to pay UM benefits had not been triggered, then the bad faith claim failed too since no other allegations of bad faith had been included in the complaint. Since that time, Plaintiffs have amended their complaint to set forth more facts (separate and apart from the non-payment of UM benefits) that they view as bad faith. These newly identified acts of "bad faith" are set forth at paragraphs 4, 5, 6, and 7 of the newly Amended Complaint.

If this court determines that Plaintiffs have sufficiently pled a request for UM benefits pursuant to Utah Code § 31A-22-305 then American Family respectfully requests that the Second Cause of Action for Loss of Consortium, the Third Cause of Action for Breach of Covenant of Good Faith and Fair Dealing and the Fourth Cause of Action for Intentional

Infliction of Emotion Distress be bifurcated from the underlying UM dispute and stayed pending the resolution of the underlying suit.[5]

It would be manifestly unfair and prejudicial to American Family to simultaneously defend the UM case and the bad faith case. American Family would be prejudiced if it were forced to produce a copy of the claims file to Plaintiffs in the UM litigation. While a copy of the claims file would be discoverable in pursuit of a "bad faith" claim; it would not be discoverable in the UM litigation. In order to avoid production of attorney-client privileged communication to the Plaintiffs in the UM case, the "bad faith" aspect of the case should be stayed until the UM litigation is fully resolved. Similarly, discussion of settlement proposals would be highly relevant to the "bad faith" claim but would be excludable (pursuant to Rule 408 of the Utah Rules of Evidence) from any case to resolve the underlying UM dispute. While there may be some overlap in discovery between the two aspect of the case, the prejudice to American Family by simultaneously defending a bad faith suit while also defending the underlying UM dispute greatly outweighs any inconvenience to the plaintiffs. Accordingly, if the court determines that the bad faith claims should not be dismissed and that the UM request has been sufficiently plead, then American Family asks that the "bad faith" aspect of the suit be bifurcated from the UM dispute and stayed pending resolution of the underlying UM dispute.

[5] American Family does not respond to the "merits" of the newly raised and pled "bad faith" claims in this reply brief because doing so would require references to the claims file. As set forth herein, the claims file contains privileged information that is not discoverable within the confines of the UM dispute. However, American Family does dispute the plaintiffs' recitation of the facts and disputes the allegation that it failed to deal fairly and honestly with its insured.

For each of the foregoing reasons, American Family asks that First Cause of Action for Breach of Contract be dismissed and that the Second, Third and Fourth Causes of Actions be bifurcated from the underlying UM dispute and stayed pending resolution of the UM dispute.

DATED this 11th day of August 2009.

**DUNN & DUNN, P.C.**

S. Grace Acosta

S. GRACE ACOSTA
Attorney for American Family
Mutual Insurance Company
Dunn & Dunn P.C.
505 E 200 South 2nd Floor
Salt Lake City, UT 84102
gacosta@dunndunn.com
801 521 6677 (t)
801 521 9998 (f)

## CERTIFICATE OF SERVICE

I hereby certified that on the 11 day of August 2009, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Erik M. Ward
Gridley Ward & Vandyke
635 25th Street
Ogden, Utah 84401

Joel S. Babcock
American Family Insurance
P.O. Box 3328
Englewood, CO 80155-3328

DUNN & DUNN, P.C.

Legal Secretary