IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KATIE and PAUL CHRISTENSEN,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS, GRANTING BIFURCATION OF CLAIMS AT TRIAL AND DENYING BIFURCATION OF DISCOVERY<br><br>Case No. 1:09-CV-94 TS |

This matter is before the Court on Defendant American Family Mutual Insurance Company's ("American Family") Motion to Dismiss and, in the alternative, American Family's Motion to Bifurcate the breach of contract claim from the loss of consortium, breach of the covenant of good faith and fair dealing, and intentional infliction of emotional distress claims ("bad faith claims"). For the reasons stated below, the Court will deny American Family's Motion to Dismiss and grant in part and deny in part its Motion to Bifurcate and Stay the Bifurcated Proceedings.

## I. BACKGROUND

As alleged in Plaintiffs' Amended Complaint, on February 9, 2008, an uninsured motorist negligently caused a collision with Plaintiff Katie Christensen's ("Ms. Christensen") vehicle at the intersection of Main Street and 300 West in Tremonton, Utah. At the time of impact, Ms. Christensen was stopped at the intersection for a red light. Sometime prior to the February 2008 accident, American Family issued an automobile insurance policy that provided Ms. Christensen with uninsured motorist coverage of $100,000. Following the accident, American Family initially denied any coverage for the collision. It claimed that Mr. and Ms. Christensens' account was not current because they had failed to pay a prior increase in their premium. The Christensen's authorized American Family to debit the increased amount from their checking account, but American Family simply failed to do so. Following resolution of that issue, American Family then claimed that the Christensen's had previously signed a waiver rejecting uninsured motorist coverage. Upon determination that no such waiver existed, American Family inexplicably terminated Ms. Christensen's no-fault benefits. Although Ms. Christensen did eventually receive the no-fault benefits, payments were often late.

Sometime after the collision, doctors determined that Ms. Christensen had sustained serious physical injury during the collision, and that the injury would manifest as a permanent physical disability. Upon receipt of this information, Ms. Christensen submitted an uninsured motorist claim to American Family on April 3, 2009. The claim demanded the policy limit and included proof of injuries and damages well in excess of the $100,000 limit. American Family entirely failed to respond to Ms. Christensen's demand.

Ms. Christensen and her husband brought claims against American Family in Utah State Court for breach of contract, loss of consortium, breach of covenant of good faith and fair dealing, and intentional infliction of emotional distress. Upon removal to Federal Court, Defendant filed the present Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(6). Following the Motion to Dismiss, Plaintiffs filed an Amended Complaint which Defendant then followed with a Request for Bifurcation and Stay of Bifurcated Proceedings.

Defendant argues that dismissal of Plaintiffs' breach of contract claim is proper under FED. R. CIV. P. 12(b)(6) because Plaintiffs did not establish legal entitlement to the uninsured motorist benefits ("UM benefits") prior to commencement of the present action. Defendant further contends that dismissal of Plaintiffs' third cause of action for breach of the covenant of good faith and fair dealing is proper because such a breach is not possible while Plaintiffs' claim for the UM benefits remains fairly debatable. Defendant also asserts that Plaintiffs' remaining two claims for loss of consortium and intentional infliction of emotional distress should be dismissed as well. In the alternative, Defendant requests that Plaintiffs' bad faith claims be bifurcated from their breach of contract claim and stayed pending its resolution. In support, Defendant argues that proceeding with the claims simultaneously would be manifestly unfair and prejudicial.

In response, Plaintiffs contend that the instant litigation will properly resolve the issue of legal entitlement to the UM benefits. Plaintiffs' Amended Complaint clearly asserts legal entitlement to the UM benefits and requests recovery of the benefits with requisite particularity. As to bifurcation, Plaintiffs do not contest Defendant's request to bifurcate the claims at trial before the same jury, but do contest bifurcation or stay of discovery. Plaintiffs argue bifurcation of discovery

would be highly prejudicial as it would result in significant delays and great expense. Further, because many discovery items overlap, to proceed separately would undermine judicial economy.

## II. DISCUSSION

**A. Defendant's Motion to Dismiss**

To determine whether it is proper to dismiss a cause of action for failure to state a claim upon which relief can be granted, the court will "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff."[1] So long as "the complaint contains 'enough facts to state a claim to relief that is plausible on its face,'" it will survive dismissal.[2] "[A] plaintiff must 'nudge[ ] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss."[3] However, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[4]

i. Breach of Contract

Under Utah law, "[u]ninsured motorist coverage . . . provides coverage for covered persons who are *legally entitled* to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, disease, or death . . . "[5] A claimant seeking recovery of uninsured motorist benefits is considered "legally entitled" under § 31A-22-305(3) if he/she has "'a viable

---

[1] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005)).
[2] *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).
[3] *Id.* (quoting *Twombly* 550 U.S. at 570).
[4] *Id.* (emphasis in original).
[5] UTAH CODE ANN. § 31A-22-305(3) (1953) (emphasis added).

claim that is able to be reduced to judgment in a court of law.'"[6]

Defendant asks the Court to dismiss Plaintiffs' claim for breach of contract because Utah law does not recognize Defendant's obligation to perform on the contract absent a prior finding of "legal entitlement." Defendant further argues that "legal entitlement" can only be established through submission to binding arbitration or litigation as prescribed by UTAH CODE ANN. § 31A-22-305. However, current Utah precedent, cited above, does not support this assertion. In fact, to establish legal entitlement in Utah, a claimant need only demonstrate that he/she has "'a viable claim that is able to be reduced to judgment in a court of law.'"[7] The definition does not require separate litigation or arbitration in reaching this determination.

Assuming Plaintiffs' factual allegations to be true, a court could provide relief for Plaintiffs' breach of contract claim. According to the presented facts, an uninsured motorist negligently caused serious and permanent injury to Ms. Christensen when she collided with Ms. Christensen's stopped vehicle. Under *Lieber*, these facts are sufficient to demonstrate Plaintiffs' legal entitlement: a viable claim able to be reduced to judgment against the uninsured motorist for liability and damages. Upon such finding, which need not be made through separate proceedings, Defendant then incurs the obligation to perform on the policy. Failure to perform, as alleged by Plaintiffs, amounts to a viable claim for breach of contract. Plaintiffs' breach of contract claim will survive dismissal under 12(b)(6).

---

[6] *Lieber v. ITT Hartford Insurance Center, Inc*. 15 P.3d 1030, 1034 (Utah 2000) (quoting *Peterson v. Utah Farm Bureau Ins. Co.*, 927 P.2d 192, 195 (Utah Ct. App. 1996)).
[7] *Lieber*, 15 P.3d at 1034 (quoting *Peterson v. Utah Farm Bureau Ins. Co.*, 927 P.2d 192, 195 (Utah Ct. App. 1996)).

ii. Covenant of Good Faith and Fair Dealing

In Utah, "the covenant of good faith and fair dealing generally inheres in all contracts."[8] However, the Utah Supreme Court has articulated a more specific standard when dealing with contracts between individuals and insurance companies:

> [I]n the first-party insurance context, the covenant [of good faith and fair dealing] imposes upon the parties a specific duty to bargain or settle in good faith . . . at the very least that the insurer will diligently investigate the facts to enable it to determine whether a claim is valid, will fairly evaluate the claim, and will thereafter act promptly and reasonably in rejecting or settling the claim.[9]

Defendant argues that it did not act in bad faith when, after informal negotiations failed, it expected Plaintiffs to establish legal entitlement by taking the necessary steps toward litigation or arbitration. However, according to Plaintiffs' alleged facts, their complaints against Defendant are not isolated to the UM conflict. The issues actually began almost one year prior, in or around February 2008. Within that time Plaintiffs allege Defendant denied Ms. Christensen coverage to which she was entitled, misrepresented her bodily injury coverage, and failed to pay no-fault benefits in a timely manner. Also, despite filing a prompt demand for the UM benefits, Plaintiffs never received any indication that Defendant pursued an investigation to assess the validity of their claim. Utah law requires an insurer, in this context, to diligently investigate and promptly settle pending claims. Plaintiffs made the policy limit demand on April 3, 2009, and Defendant entirely failed to respond until initiation of the present action.

Plaintiffs' facts, presumed true, provide foundation for a legitimate claim for breach of

---

[8] *Christiansen v. Farmers Ins. Exch.*, 116 P.3d 259, 262 (Utah 2005) (quoting *Beck v. Farmers Ins. Exch.*, 701 P.2d 795, 798 (Utah 1985)).
[9] *Id.* (quoting *Beck* 701 P.2d at 798, 801).

Utah's covenant of good faith in the first-party insurance context. The facts sufficiently demonstrate possible entitlement to recovery, and therefore, this claim will survive Defendant's Motion to Dismiss.

iii. Remaining Claims

Defendant does not offer a substantive discussion or argument for dismissal of Plaintiffs' claims for loss of consortium and intentional infliction of emotional distress. Therefore, the Court will not discuss their validity under the standard.

Plaintiffs' Amended Complaint contains well-pleaded factual allegations sufficient to demonstrate a plausible claim to relief on each of the four causes of action.

**B.   Defendant's Request for Bifurcation and Stay of Bifurcated Proceedings**

Courts may, "[f]or convenience, to avoid prejudice, or to expedite and economize . . . order a separate trial of one or more separate . . . claims."[10]

As this Court has noted,

> [a] trial court has broad discretion in any decision relating to bifurcation. However, the presumption is that the plaintiff, in a typical case, should be allowed to present her case in the order she chooses. The burden is on the defendant to convince the court that a separate trial is proper in light of the general principle that a single trial tends to lessen the delay, expense and inconvenience to all parties.[11]

To determine whether bifurcation is proper, a court should consider the following factors: "(1) judicial economy, (2) convenience to the parties, (3) expedition, and (4) avoidance of prejudice

---

[10] Fed.R.Civ.P. 42(b).
[11] *Sensitron, Inc. v. Wallace*, 504 F.Supp.2d 1180, 1186 (D. Utah 2007).

and confusion."[12] Should a court order separate trials, the court may also stay discovery in the second trial pending resolution of the first.[13]

i. Bifurcation of Claims at Trial

Defendant asks this Court to bifurcate Plaintiffs' claim for breach of contract from the three remaining bad faith claims at trial. In recognition of this Court's prior decisions, Plaintiffs do not contest this motion.

In *Trujillo v. American Family Mutual Insurance*, Plaintiff sought to recover the limit of her $100,000 under-insured motorist policy after Defendant denied payment.[10] Plaintiff sued for breach of contract and breach of the implied covenant of good faith and fair dealing.[11] In granting Defendant's motion to bifurcate at trial, this Court found that Defendant would be unfairly prejudiced if settlement negotiations were presented to the jury prior to a decision on the express breach of contract claim.[12] It explained that "[i]f a jury were to disagree with [the insurance company's] approach in settlement negotiations or claim handling procedure, the jury may find for [Plaintiff] on that basis rather than based on her damages being sufficient."[13] This Court further reasoned that bifurcation at trial was appropriate because the jury could find for Plaintiff simply in response to her physical injuries when in fact Defendant was not the source of her damages.[14] Although this Court granted Defendant's motion to bifurcate at trial, it found that judicial economy

---

[12] *Id.*
[13] *Id.*
[10] *Trujillo v. American Family Mutual Ins. Co.*, 2009 WL 440638, at *1 (D. Utah Feb. 20, 2009).
[11] *Id.*
[12] *Id.* at *3.
[13] *Id.*
[14] *Id.* at *4.

would be best served by having the same jury hear both claims.[15] Using the same jury would avoid duplicative testimony while still sheltering Defendant from unfair prejudice.[16]

The facts here are analogous to those in *Trujillo*. The focus of Plaintiffs' breach of contract claim should be the determination of their damages, and the focus of Plaintiffs' bad faith claims should be Defendant's handling of the claim. Presentation of Defendant's claim processing procedures, contained in the claim file, would prejudice Defendant if done prior to the jury's decision on the breach of contract claim. Further, as in *Trujillo*, Defendant was not the cause of Plaintiffs' physical injuries. This too weighs in favor of bifurcation at trial so the jury will be less likely to award damages in the bad faith claims based Plaintiff's injuries, and more likely to focus on Defendant's conduct. Because the facts of both actions are so intertwined, a single jury will hear both trials. This will preserve judicial efficiency and conserve expense to the parties.

ii. Bifurcation and Stay of Discovery

Under Utah law, in the first-party insurance context, a predicate finding of liability on the breach of contract claim is not required for a finding of liability on a bad faith claim.[17] In *Trujillo*, this Court recognized that because breach of contract and bad faith claims are independent of one another, bifurcated discovery does not promote judicial efficiency especially if both will be heard by the same jury.[18] Therefore, where a plaintiff has made a sufficient showing on both claims, "it [is] a better policy to allow discovery on both the contract and bad faith claims . . ."[19]

---

[15] *Id.* at *5.
[16] *Id.*
[17] *Christiansen*, 116 P.3d at 262.
[18] 2009 WL 440638 at *5.
[19] *Id.* (adopting the holding from *Ring v. Commercial Union Ins. Co.*, 159 F.R.D. 653, 657–58 (M.D.N.C. 1995)).

Defendant here argues that allowing discovery to proceed simultaneously would allow Plaintiffs to manipulate the discovery process by obtaining otherwise undiscoverable documents through a frivolous bad faith claim.  However, as previously determined by the Court's denial of Defendant's Motion to Dismiss, Plaintiffs have sufficiently pleaded all of their claims and are therefore entitled to pursue discovery on all claims.

In accordance with this Court's decision and reasoning in *Trujillo*, Defendant's Motion to Bifurcate the claims at trial will be granted but heard by the same jury.  Defendant's Motion to Bifurcate Discovery will be denied.

### III. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Defendant's Motion to Dismiss (Docket No. 3) is DENIED.  It is further

ORDERED that Defendant's Motion to Bifurcate and Stay of Bifurcated Proceedings (Docket No. 9) is GRANTED as to trial and same jury will hear both claims in two separate but consecutive phases and DENIED as to discovery.

DATED   November 2, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge