IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KATIE and PAUL CHRISTENSEN,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTION TO COMPEL DISCOVERY**<br><br>Case No.: 1:09-cv-94 TS<br><br>District Judge: Ted Stewart<br><br>Magistrate Judge: David Nuffer |

Plaintiffs Katie and Paul Christensen (Christensens) move for an order compelling discovery from defendant American Family Mutual Insurance (AFI).[1] Christensens, who are insured by AFI, allege that AFI wrongfully denied their claim for uninsured motorist coverage.[2]

Plaintiffs seek to discover AFI's reviews and communications regarding their claim file; unredacted versions of multiple documents and claim file notes; some of AFI's communications with legal counsel; performance reviews of adjusters who handled Plaintiffs' claim file; and complete responses to several interrogatories.[3] AFI claims it need not provide the requested information because it is confidential under both attorney-client privilege and work product privilege and that it cannot produce employee information without a court order.[4] AFI also claims the interrogatories are vague, ambiguous, and overly burdensome.[5]

---

[1] Plaintiff's Motion to Compel Discovery (Motion to Compel), docket no. 32, filed December 23, 2010.

[2] Amended Complaint and Jury Demand, docket no. 6, filed July 31, 2009.

[3] Motion to Compel at 1-3.

[4] Opposition to Motion to Compel (Opposing Memorandum) at 2-3, docket no. 37, filed January 5, 2011.

[5] *Id.* at 20.

## Background on Discovery Dispute

On February 8, 2010, Christensens served the first set of interrogatories, requests for production, and requests for admission on AFI.[6] On March 16, 2010, AFI responded to these requests for discovery.[7] According to the Christensens, however, nearly all of AFI's discovery responses consisted of incomplete answers or objections.[8] AFI represented that it would respond to Plaintiffs' requests for discovery on the condition that the Christensens execute a protective order.[9] Christensens agreed, and a protective order was entered by the court on May 4, 2010.[10]

Despite the protective order, Christensens say they have yet to fully receive the requested discovery from AFI. Christensens maintain that AFI's failure to fully participate in discovery is an effective violation of a Court order denying Defendant's motion to bifurcate discovery.[11] That order allowed discovery to proceed on both the Christensens' contract and bad faith claims simultaneously.[12]

Christensens claim AFI was obligated to produce these items under the following requests:

- informal and formal reviews or communications regarding Christensens' claim file (Request for Production No. 9, withheld in part under claims of attorney-client privilege and work product);

- un-redacted versions of multiple documents and claim file notes (Requests for Production No. 2 and No. 3, redacted under claims of attorney-client privilege and work product);

---

[6] Plaintiff's Memorandum in Support of Motion to Compel Discovery (Supporting Memorandum) at 2, docket no. 33, filed December 23, 2010.

[7] *Id.*

[8] *Id.*

[9] *Id.* at 3.

[10] Order Granting Motion for Protective Order, docket no. 23, filed May 5, 2010.

[11] Memorandum Decision and Order Denying Motion to Dismiss, Granting Bifurcation of Claims at Trial and Denying Bifurcation of Discovery, docket no. 15, filed November 2, 2009.

[12] *Id.* at 9-10.

- communications involving legal counsel (Requests for Production No. 2 and No. 3, withheld under claim of attorney-client privilege or work product); and

- performance reviews of adjusters handling Christensens' claim file (Request for Production No. 10, withheld in part on the basis of confidentiality or privacy). [13]

Christensens also claim AFI withholds complete responses to the following interrogatories under various objections:

- name of the AFI representative who helped respond to discovery (Interrogatory No. 2);

- dates of employment and titles of employees who worked on the Christensens' claim file (Interrogatory No. 4);

- names of individuals who worked on Christensens' case and no longer work at AFI (Interrogatory No. 5);

- list of actions and statements made by adjusters with respect to the handling of Christensens' claim (Interrogatory No. 8);

- reserve amounts (Interrogatory No. 9); and

- a list of all bad faith cases involving AFI Insurance for the years 2005 through 2010 (Interrogatory No. 10). [14]

On February 16, 2011 the magistrate judge granted AFI's motion to produce the following documents for *in camera* review:

- Claim File Documents (partially redacted when produced to Christensens): AFI000006, AFI000011, AFI000013, AFI000014, AFI000016, AFI000017, AFI000018, AFI000019, AFI000021, AFI000023, AFI000024, AFI000032.

- Letters with Redacted Notations: AFI000747, AFI001498.

- Documents Entirely Withheld: AFI001459, and AFI001581.[15]

---

[13] Supporting Memorandum at 4-5.

[14] *Id.* at 5-6.

[15] Docket Text Order Granting Motion for In Camera Review, docket no. 51, filed February 16, 2011.

AFI complied with this order.[16] Responding to Christensens' additional request, AFI also produced document AFI000847 (a claim worksheet) for *in camera* review.[17]

Defendant AFI responds that it has carried its burden to show that its redactions and refusals to disclose documents were based on privilege and work product exclusions,[18] also citing its willingness to cooperate by having submitted the relevant documents for *in camera* review.[19] On the merits, AFI maintains that reserve amounts are not discoverable because they constitute either work product or attorney-client protected information.[20] AFI argues that its communications with counsel are privileged and constitute work product,[21] and that employee files are confidential and private and therefore should not be disclosed by the court.[22] Finally, AFI disputes Christensens' claims that it has not properly answered interrogatories, claiming the responses are sufficient, and that Interrogatory No. 8 is overly burdensome and oppressive in addition to being vague and ambiguous.[23]

## Applicable Standards

Discovery under the Federal Rules is limited by relevance of the material sought and the burden placed on the parties. Rule 26(b)(1) provides that parties may discover "any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information

---

[16] The materials reviewed *in camera* were provided to the court February 22, 2011, and were lodged under seal as docket no. 65 on August 29, 2011. *See* Notice of Delivery of Documents for In Camera Review, docket no. 52, filed February 22, 2011

[17] Letter from S. Grace Acosta (Acosta Letter), March 14, 2011, provided with documents presented for *in camera* review, part of docket no. 66, lodged under seal August 29, 2011. *See* Notice of Delivery of Documents for In Camera Review, docket no. 53, filed March 14, 2011.

[18] Opposing Memorandum at 3-7.

[19] *Id.* at 1-2.

[20] *Id.* at 7-12.

[21] *Id.* at 12-17.

[22] *Id.* at 17-19.

[23] *Id.* at 19-21.

need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[24] Furthermore, relevance is meant to be construed broadly, and a request for discovery is considered to be relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party.[25] However, the court must limit the frequency or extent of discovery if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.[26]

When a discovery request appears to seek information relevant to a party's claim or defense, the burden shifts to the party opposing discovery to demonstrate lack of relevance, or to show that allowing discovery would result in detriment that outweighs the benefit resulting from such discovery.[27]

The attorney work-product doctrine protects from discovery "written statements, private memoranda and personal recollections prepared or formed by an adverse party's counsel in the course of his legal duties."[28] "For written materials to fall under [this] protection . . ., three criteria must be met: (1) the material must be documents and tangible things otherwise discoverable, (2) prepared in anticipation of litigation or for trial, (3) by or for another party or

---

[24] Fed. R. Civ. P. 26(b)(1).

[25] *Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649, 652 (D. Kan. 2004).

[26] Fed. R. Civ. P. 26(b)(2)(C).

[27] *Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

[28] *Hickman v. Taylor,* 329 U.S. 495, 510 (1947); *see also* Fed. R. Civ. P. 26(b)(3).

by or for that party's representative."[29]  However, even when all three criteria are met, the privilege will not prevent disclosure if the party seeking discovery can demonstrate that the information is necessary to its case and that it cannot otherwise be obtained without substantial hardship.[30]  Even where such materials are found to be discoverable, the court must protect against the disclosure of an attorney's mental impressions, conclusions, opinions, or legal theories concerning the litigation at hand.[31]

The attorney-client privilege "exists to protect not only the giving of professional advice to those who can act on it, but also the giving of information to the lawyer to enable him to give sound and informed advice."[32]  Thus, "the central inquiry is whether the communication is one that was made by a client to an attorney for the purpose of obtaining legal advice or services."[33]  Claims of attorney-client privilege in diversity cases are to be decided in accordance with state law.[34]  Utah law places the burden on the party claiming the privilege to demonstrate that it applies.  The Utah Supreme Court holds that a party claiming attorney-client privilege must establish three elements: (1) "an attorney-client relationship, (2) the transfer of confidential information, and (3) the purpose of the transfer was to obtain legal advice."[35]

---

[29] *Gold Standard, Inc. v. American Barrick Resources Corp.*, 805 P.2d 164, 168 (Utah 1990).

[30] *Id.*; *see also* Fed. R. Civ. P. 26(b)(3).

[31] *Gold Standard, Inc.,* 805 P.2d at 168.

[32] *Transonic Sys,. Inc. v. Non-Invasive Med. Tech.*, 192 F.R.D. 710, 714 (D. Utah 2000).

[33] *Id.*

[34] *Lifewise Master Funding v. Telebank*, 206 F.R.D. 298, 301 (D. Utah 2002).

[35] *Southern Utah Wilderness Alliance v. Automated Geographic Reference Ctr., Div. of Info. Tech.*, 200 P.3d 643, 655 (Utah 2008) (citing Utah Rules of Evidence, Rule 504).

## Discussion

**Attorney-Client Privilege**

AFI claims attorney-client privilege for pages AFI000016, AFI000017, AFI000018, and AFI000019 on the basis that these documents involve "direct communication" with in-house legal counsel.[36] Christensens counter that these documents are part of their claim file and "cannot be reasonably classified as confidential communications between attorneys and clients."[37] Certainly, the facts about Christensen's claim, communicated between AFI staff and AFI counsel cannot be "confidential" communications. However, the opinions and advice of AFI counsel can be confidential.

"A party claiming the attorney-client privilege must prove its applicability, which is narrowly construed."[38] Furthermore, a party "may not make the blanket assertion that Plaintiff's 'request is for attorney-client privileged information' without some explanation as to why he believes the documents are protected."[39] AFI fails to carry its burden to establish that the entirety of these documents contain confidential information. These documents contain some factual information along with the legal advice from counsel. The fact of the communications and the factual information are not attorney-client privileged. "[T]he mere fact that an attorney was involved in a communication does not automatically render the communication subject to the attorney-client privilege."[40]

AFI000017 is a July 21, 2008 e-mail between an AFI claims adjuster and in-house legal counsel. This communication involves counsel's analysis of the Christensen claim and forwards

---

[36] Opposing Memorandum at 13-14.

[37] Supporting Memorandum at 10.

[38] *In re Foster*, 188 F.3d 1259, 1264 (10th Cir.1999).

[39] *Anastasion v. Credit Serv. of Logan, Inc.*, No. 2:08CV180, 2010 WL 94008, at *2 (D. Utah Jan. 8, 2010).

[40] *Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1550-1551 (10th Cir. 1995).

(in AFI000018 and 19) emails on the same legal subject in separate, similar cases. This communication will be redacted to remove counsel's opinions.

Similarly, AFI000016 is a July 28, 2008 email relating some statements of counsel. Those statements will be redacted.

The magistrate judge has created new, less redacted versions of AFI000016, AFI000017, AFI000018, and AFI000019 which must be produced.

Similarly, AFI's analysis of documents AFI000021, AFI000022, AFI 000023, and AFI000024 involve assertions of attorney-client privilege and reasoning centered on the claim that the documents involve communication with in-house counsel. The documents contain notations of the fact of communication with in-house counsel, facts communicated, and a record of claims of Christensen's counsel, but do not reflect any advice given by AFI's counsel. These documents will be provided in unredacted form.

AFI000032, AFI000747, and AFI001498 document early impressions of AFI *claims staff* and contact between them and, therefore, are not protected by the attorney-client privilege. AFI000032 and AFI001498 were created very early in the Christensen claim process before anything presented on this motion shows AFI counsel was involved. The redacted portion of AFI000747 is a reminder to speak with someone and has no confidential content.

Finally, although documents AFI001459 and AFI001581 (which were withheld in their entirety) are communication with in-house legal counsel, AFI fails to establish that these communications include the "transfer of confidential information" as required under Utah privilege law.[41] They are merely cover letters.

---

[41] *Southern Utah Wilderness Alliance*, 200 P.3d at 655 (citing Utah Rules of Evidence, Rule 504).

**Work-Product Doctrine**

Attorney work-product privilege is governed by Federal Rule of Civil Procedure 26(b). As with assertion of attorney-client privilege, the applicability of attorney work product must be demonstrated by the party asserting the privilege.[42] Pivotal to AFI's claim of work-product privilege is that the documents in question were created in preparation for trial, rather than in the "ordinary course of business."[43] However, AFI's claims of work-product privilege involve little more than assertions that the documents in question were created in anticipation of litigation. In other words, AFI does not show that these documents were prepared with litigation specifically in mind, as opposed to being prepared in the course of ordinary, routine business procedure. Because an insurer must evaluate claims (and every claim has the potential to come to litigation with the claimant and even with the insurer) it is not possible to grant work-product privilege protection to all insurer claim analysis.

> Fed. R. Civ. P. 26(b)(3) requires that a document or thing produced or used by an insurer to evaluate an insured's claim in order to arrive at a claims decision in the ordinary and regular course of business is not work product regardless of the fact that it was produced after litigation was reasonably anticipated. It is presumed that a document or thing prepared before a final decision was reached on an insured's claim, and which constitutes part of the factual inquiry into or evaluation of that claim, was prepared in the ordinary and routine course of the insurer's business of claim determination and is not work product. The converse, of course, is presumed for documents produced after claims denial.[44]

AFI argues that the redacted portions of documents AFI000016-AFI000019 are entitled to absolute protection because they involve "communication directly with in-house legal counsel regarding a legal question" and that "the storage of the communication in the notes section of the

---

[42] *Barclaysamerican Corp. v. Kane*, 746 F.2d 653, 656 (10th Cir. 1984).

[43] *Lindley v. Life Investors Ins. Co. of Am.*, 267 F.R.D. 382, 399 (N.D. Okla. 2010).

[44] *Id.* (quoting *Harper v. Auto-Owners Ins. Co.*, 138 F.R.D. 655, 663-64 (S.D. Ind. 1991)).

[Christensen claim] file is work product."[45] Portions of documents AFI000016-AFI000019 contain mental impressions, conclusions, opinions, or legal theories made in the course of AFI's counsel's claim analysis but not in preparation for trial. Therefore, they are protected as attorney-client communications but not as work-product.

AFI claims documents AFI000021-AFI000023 involve "the agent's effectuation of the recommendations of counsel on how to address the legal issue presented to him."[46] However, they are merely notes about communications, and the times of those communications are not strategic, but are facts. These documents are not attorney work product and do not qualify for the absolute protection advocated by AFI.

Even if the previously redacted material contained in AFI000021-AFI000023 qualified for protection under work product privilege, the Christensens clearly have a substantial need for the information, specifically about dates and times and parties to communication, which is in the exclusive control of AFI. Christensens correctly assert that "there is no substantial equivalent of the information" sought.[47] "Christensens cannot obtain information on American Family's *handling* of their claim from any source but American Family."[48]

AFI says AFI000024 involves "a discussion with in-house legal counsel about the facts of the claim and an analysis directly with in-house legal of the exposure if and when the matter proceeds to formal litigation."[49] However, the content of the document clearly summarizes demands made by *Christensens'* counsel in at least two letters. AFI fails to demonstrate that the document was prepared in anticipation of litigation or trial or that it represents the mental

---

[45] Opposing Memorandum at 14.

[46] Opposing Memorandum at 14-15.

[47] Supporting Memorandum at 16-17.

[48] *Id.* at 17.

[49] Opposing Memorandum at 15.

impressions, conclusions, opinions, or legal theories of in-house counsel in preparation for trial. The document is discoverable and must be produced in full by AFI.

AFI claims document AFI000032 contains "the thought process and analysis of the adjuster in analyzing some exposure in the file."[50] It bears an early date, and was written at a time when this was a claim, not a threat of litigation.

Some small handwritten notes on AFI000747, and AFI001498 are redacted by AFI on the same claim that the notes reflect the thought process of the adjuster. While one of these notes was made when the claim was more mature, there is nothing in the notes reflecting thought process – just an intent to take further action. AFI fails to demonstrate that these documents represent attorney work product. Furthermore, in this bad-faith claim, the information about who was contacted is likely necessary for Christensens to develop their case. This information cannot be obtained elsewhere by Christensens except through "substantial hardship," and perhaps not even then.

AFI000847 is entitled "UM/UIM Injury Breakdown Worksheet" and was withheld on AFI's claim that it shows the thought process of the claims adjustor and was prepared in anticipation of litigation.[51] This document appears to contain a summary of treatment dates and expenses and lost wages calculation. In spite of the title of that area of the form, it does not appear to contain "negotiating points" both for and against AFI. AFI does not claim the document was prepared by or for counsel, and AFI provides no facts to demonstrate that the document was prepared specifically for litigation rather than in the ordinary course of business.

---

[50] *Id.*

[51] Letter from S. Grace Acosta, March 14, 2011, provided with documents presented for *in camera* review, part of docket no. 66, lodged under seal August 29, 2011. *See* Notice of Delivery of Documents for In Camera Review, docket no. 53, filed March 14, 2011.

**Insurance Loss Reserves**

AFI redacted insurance loss reserve information from AFI000006, AFI000011, AFI000013 and AFI000014. AFI argues that insurance reserves "are either work product or attorney-client protected information and should not be disclosed."[52] Christensens respond that in bad faith claims, "courts agree that reserve amounts are relevant and consistently ordered to be produced."[53] This court agrees with Christensens' analysis of existing case law.

Christensens correctly point out that reserve amounts set before final decision on a claim and without involvement of outside counsel are not work product because they are prepared in the ordinary course of an insurance company's business.[54] Most of the cases AFI cites in arguing that reserve information is not discoverable[55] are coverage disputes, not bad faith claims.[56]

"Courts that have allowed discovery on loss reserves have based their reasoning at least in part on the duty owed to an insured by the company that is the subject of the bad faith claim."[57] While the Tenth Circuit has rejected the use of loss reserves as sufficient *per se* evidence to establish the existence of bad faith, it has not held that loss reserves are not relevant to the issue.[58] Thus, the unredacted versions of documents AFI000011, AFI000013, and AFI000014 are discoverable and will be provided to Christensens in full. AFI000006, which is

---

[52] Opposing Memorandum at 7.

[53] Supporting Memorandum at 9.

[54] *Id.* at 9-10.

[55] Opposing Memorandum at 10-12.

[56] Reply Memorandum at 10-11.

[57] *Porter v. Farmers Ins. Co., Inc.*, No. 10-CV-116-GKF-PJC, 2011 WL 1566018, at *2 (N.D. Okla. April 25, 2011).

[58] *See Signature Dev. Cos. v. Royal Ins. Co. of Am.*, 230 F.3d 1215, 1223-24 (10th Cir. 2000).

undated but contains information dated a month after litigation started, will not be provided in unredacted form. That appears to be work-product.

**Personnel Files and Performance Reviews**

Christensens request any internal reviews or communications made by AFI regarding Plaintiffs' claim.[59] AFI responds by asserting that it "is American Family's policy only to audit or review closed files."[60] Thus, because the Christensens' file has not been closed, AFI contends that there "is nothing to compel."[61] Christensens respond that "throughout the claims handling process, adjusters check in with supervisors, managers or colleagues to discuss and evaluate files on an on-going basis."[62] If AFI has nothing, it has nothing to produce. If, however, there are any ongoing or periodic reviews of the claim management, they must be produced.

Christensens also request that AFI produce "planning and performance and similar reviews for the adjuster(s) who handled the plaintiffs' claims, including . . . all internal memos, notes, or other communications that specifically address each person's performance review."[63] AFI counters that such reviews are of "limited relevancy" and represent a "huge invasion of privacy to the employees in question."[64]

"Courts have generally permitted discovery of relevant personnel files in insurance bad faith cases."[65] However, sensitive personal information is often contained in such files. To maintain the privacy of AFI's employees, the files shall be produced with redactions for dates of

---

[59] Supporting Memorandum at 4.

[60] Opposing Memorandum 18.

[61] *Id*. at 19.

[62] Letter from Grace Acosta to Erik Ward, March 10, 2010, attached to Supporting Memorandum as Exhibit 4.

[63] Request for Production No. 10, contained in Defendant's Responses to Plaintiff's First Set of Written Discovery Requests (Defendant's Responses to Discovery Requests) at 11, filed as Exhibit 3 to Supporting Memorandum, docket no. 33-4, filed December 23, 2010.

[64] Opposing Memorandum at 18.

[65] *Porter*, 2011 WL 1566018, at *2.

birth, social security numbers, home addresses, home phones, bank account numbers and information, child support, judgment or bankruptcy, or garnishments. Medical information, workers compensation claims, disability claims, health insurance forms, and medical reimbursements or treatment information *which did not affect job performance or attendance* shall be redacted. A list of all documents withheld in their entirety shall be provided with the produced materials. The list shall contain sufficient identifying information, including dates, to enable Christensens to assess justification for the non-production.

**Interrogatories**

AFI withholds under various objections full and complete responses to the following numbered interrogatories: 2, 5, 8, 9, and 10. Interrogatory no. 4 has apparently been adequately addressed and supplemented to Christensens by AFI.[66]

Interrogatory No. 2 asks for the names of individuals who participated in responding to Christensens' first set of interrogatories, requests for admission, and requests for production.[67] Interrogatory No. 5 seeks the names and contact information of individuals who worked on the Christensens' case and are no longer employed by AFI.[68] These two interrogatories merely seek information on persons with knowledge and should be answered.

Interrogatory No. 8 seeks a list of actions, statements, representations, disapprovals and failures to take action made by the assigned adjusters or any other adjusters with respect to handling of Christensens' claim.[69] AFI objects to Interrogatory No. 8 on additional grounds that it is "vague and ambiguous" as well as "overly burdensome."[70] It is possible, however, to

---

[66] Opposing Memorandum at 19.

[67] Defendant's Responses to Discovery Requests at 2.

[68] *Id.* at 3

[69] *Id.* at 5.

[70] Opposing Memorandum at 20.

prepare a summary answer and provide Christensens with basic information. AFI shall provide a reasonable answer to Interrogatory No. 8.

Interrogatory No. 9 seeks the reserve amounts for Christensens' claim.[71] Because AFI's loss reserves are discoverable in this case, Interrogatory No. 9 must also be answered for the time up to the start of litigation.

Interrogatory No. 10 requests information regarding bad faith cases involving AFI as defendant for the calendar years 2005-2010.[72] Interrogatory No. 10 is directly relevant to the claims in this case and must be answered in full.

# ORDER

IT IS HEREBY ORDERED that Christensens' motion to compel discovery[73] is GRANTED IN PART as provided herein. AFI's position was substantially justified and AFI will not be ordered to pay Christensens' expenses incurred in bringing their motion.[74]

The magistrate judge is providing less redacted versions of documents to counsel for AFI. Fourteen days after the entry of this order, or if an objection is made to this order, 7 days after ruling by the district judge on the objection, Christensens' counsel may request a copy of the documents.

Dated August 29, 2011.

BY THE COURT:

_____
David Nuffer
U.S. Magistrate Judge

---

[71] Defendant's Responses to Discovery Requests at 6.

[72] *Id.*

[73] Motion to Compel, docket no. 32, filed December 23, 2010.

[74] Fed. R. Civ. P. 37(a)(5). *See also Hutchinson v. Pfeil*, 208 F.3d 1180 (10th Cir. 2000).